```
                      UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW HAMPSHIRE
```

Michelle Aimee Libin

    v.                                              Civil No. 17-cv-320-JL
                                                                 Opinion No. 2018 DNH 129

Nancy A. Berryhill, Acting Commissioner,
Social Security Administration

## ORDER ON APPEAL

Tammy Libin appeals the Social Security Administration's ("SSA") denial of her application for disability benefits. An Administrative Law Judge ("ALJ") found that Libin suffered from the following severe impairments: degenerative cervical disc disease, obesity, and seizure disorder. The ALJ ultimately found that Libin was not disabled because she has sufficient residual functional capacity ("RFC") to work at jobs that exist in significant numbers in the national economy. See 42 U.S.C. § 423(d)(2)(A).

The SSA Appeals Council subsequently denied Libin's request for review of the ALJ's decision, rendering the ALJ's decision final. Libin timely appealed to this court, pursuant to 42 U.S.C. § 405(g). In due course, Libin moved to reverse the SSA's decision and the SSA's Acting Commissioner moved to affirm the denial of benefits.

Libin argues on appeal that the ALJ erred by failing to consider the limitations her migraine headaches created. As a

result, she argues, the ALJ improperly determined her RFC and erred in finding that Libin was not disabled.

After consideration of the parties' arguments and the administrative record, the court finds that the ALJ failed to give any consideration to the evidence of Libin's headaches, including her own testimony and the report of an Agency reviewing doctor who found that Libin's migraines were a severe impairment, and whose opinion the ALJ gave great weight. These failures amount to reversible error. Libin's motion is therefore granted. The Assistant Commissioner's motion is denied and the matter is remanded for further consideration.

I.  **Standard of Review**

The court's review of SSA's final decision "is limited to determining whether the ALJ used the proper legal standards and found facts upon the proper quantum of evidence." Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000). The ALJ's decision will be upheld if it is supported by substantial evidence, that is, "such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). This is less evidence than a preponderance but "more than a mere scintilla." Id.; Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620

(1966). The possibility of drawing two inconsistent conclusions from the evidence does not preclude a finding of substantial evidence. Consolo, 383 U.S. at 620. Accordingly, the ALJ's resolution of evidentiary conflicts must be upheld if supported by substantial evidence, even if contrary results are supportable. Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 2 (1st Cir. 1987). The court next turns to the ALJ's decision.

II. **Background**[1]

In analyzing Libin's benefit application, the ALJ invoked the required five-step process. See 20 C.F.R. § 416.920. First, she concluded that Libin had not engaged in substantial work activity after the alleged onset of her disability on March 20, 2011.[2] Next, the ALJ determined that Libin suffered from several severe impairments: seizure disorder, degenerative cervical disc disease and obesity.[3] See 20 C.F.R. § 404.1520(c).

---

[1] The court recounts here only those facts relevant to the instant appeal. The parties' more complete recitation in their Joint Statement of Material Facts is incorporated by reference. See L.R. 9.1(d).

[2] Admin. Rec. at 17.

[3] Id. at 17-18.

At the third step, the ALJ concluded that Libin's impairments -- either individually or collectively -- did not meet or "medically equal" one of the listed impairments in the Social Security regulations.[4] See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. The ALJ next found that Libin had the RFC to perform light work with some modifications: sitting up to eight hours of an eight-hour day; standing and walking up to one hour, occasional reaching, pushing pulling using ladders, stooping, kneeling, crouching, crawling and balancing, and exposure to unprotected heights, extreme temperatures and vibrations.[5] See 20 C.F.R. §§ 404.1567(a) and 416.967(a). At step four of the process, the ALJ concluded that Libin could not perform her past relevant work.[6] See 20 C.F.R. § 404.1565.

The ALJ proceeded to step five, at which the SSA bears the burden of showing that a claimant can perform other work that exists in the national economy. Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001). Here, the ALJ, considering Libin's age, education, work experience and RFC, and relying on a

---

[4] Id. at 18-20.

[5] Admin. Rec. at 20-22.

[6] Admin. Rec. at 23; Libin's multiple past occupations ranged from sedentary to heavy exertional capacity.

4

vocational expert's testimony, concluded that Libin could perform jobs existing in the regional and national economy, such as recreation attendant and gate guard.[7] Accordingly, the ALJ found Libin not disabled within the meaning of the Social Security Act.

III. **Analysis**

"In making any determination with respect to whether an individual is under a disability . . . the Commissioner . . . shall consider all evidence available is such individual's case record." 42 U.S.C. § 423(d)(5)(B); see Alcantara v. Astrue, 257 F. App'x. 333, 335 ("the ALJ [is] required to weigh all of the evidence") (citing 20 C.F.R. §§ 416.920(a)(3), 416.920a (a) & (c); 416.927(c)). In this case, the ALJ failed to consider all the evidence.

The record is replete with references to plaintiff's headaches. Indeed, in her initial application for benefits, Libin twice noted that migraines were preventing her from working.[8] In addition, in denying her claim for benefits, the Agency's examiner listed Libin's migraines as a "severe"

---

[7] Admin. Rec. at 24-25.

[8] Admin. Rec. at 314, 325.

5

impairment.[9]  See [20 C.F.R. § 404.1520(c)](#) (defining a "severe impairment" as an "impairment or combination of impairments" that "significantly limits [the claimant's] physical or mental ability to do basic work activities").  Also, the ALJ specifically questioned Libin about her headaches.[10]  Libin testified, inter alia, that she gets headaches "every couple of days," that she is usually not able to control them, that they last for eight hours, render her unable to function, and that they have gotten stronger in recent years.[11]  The record reflects that Libin's headaches began after a 1982 motor vehicle accident.[12]  The headaches worsened over time, and she received treatment for them every year between 2011 and 2015.[13]

Libin asserts that the ALJ failed to consider evidence of her headaches at any point in the five-step process.  The court agrees.  The word "headache" does not appear in the ALJ's 11-page decision.  Nor does "migraine."[14]  The Assistant

---

[9] Id. at 152.

[10] Admin. Rec. at 102, 107-109.

[11] Id. at 108-09.

[12] Id. at 488.

[13] Id. at 438, 440, 452, 470-71, 473-74, 479-80, 486-92, 555-58.

[14] Id. at 15-25.

Commissioner agrees that the ALJ didn't expressly mention Libin's headaches, but argues that the ALJ addressed Libin's headache claims as a symptom of her degenerative disc disease rather than a stand-alone condition.[15]

There are at least two problems with the Assistant Commissioner's position. First, the ALJ's decision does not indicate such an approach. The court "cannot affirm an agency decision, including a decision of the Acting Commissioner of Social Security, based on post hoc rationalizations that were not part of the decision." Castro v. Acting Comm'r, Soc. Sec. Admin, 2018 DNH 065, 7-8; see also SEC v. Chenery Corp., 332 U.S. 194 (1947). Next, even if, as the Acting Commissioner argues, Libin's headaches are "only" a symptom of her neck injury, the court agrees with the Assistant Commissioner's comment that "[w]hat matters is whether the ALJ considered plaintiff's symptoms and their limiting effects."[16] But the court disagrees with the Assistant Commissioner's assertion that the ALJ did, in fact, consider Libin's symptoms. In support of her position, the Assistant Commissioner cites Wertheim v. Colvin, No. 14-029, 2015 WL 74148, at *10 (D.R.I. Jan. 6, 2015).

---

[15] Mot. to Affirm (doc. no. 9-1) at 3.

[16] Mot. to Affirm (doc. no. 9-1) at 4.

7

In Wertheim, the Court rejected a claimant's argument premised on the ALJ's failure to mention a particular medical condition. Id. The Court found the failure "irrelevant because the assessment's focus is on the totality of Plaintiff's impairments and how they functionally affect her ability to work." Id. Here, as noted, the ALJ made no mention of the claimant's headaches, whether as a symptom or a separate impairment. Wertheim is therefore inapposite.

The ALJ's failure to consider claimant's headaches could have impacted the ALJ's findings at several steps of her analysis: whether Libin had a severe impairment or a combination of impairments equivalent to a listed impairment (steps 2 and 3); the accuracy of the ALJ's RFC finding and, in determining whether there were available jobs claimant could perform (step 5), the hypotheticals posed to the vocational expert based on that RFC and the limitations the ALJ assessed. Accordingly, in the absence of any consideration of claimant's documented headaches, the court finds that the ALJ's decision is not "supported by substantial evidence." Richardson, 402 U.S. at 401.

## IV. Conclusion

For the reasons discussed herein, the claimant's motion for an order reversing the decision of the Acting Commissioner[17] is GRANTED. The Acting Commissioner's motion for an order to affirm[18] is DENIED. The case is remanded to the SSA for further consideration. The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: June 22, 2018

cc: Karl E. Osterhour, Esq.
    Daniel W. McKenna, Esq.
    T. David Plourde, AUSA

---

[17] Doc. no. 8.

[18] Doc. no. 9.